UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Michael A. Faraone,

               Plaintiff,        Case No. 15-13834

v.                                 Judith E. Levy
                                 United States District Judge
Patrick J. Heath, Julie L.
Goldman, Daphne M. Johnson,      Mag. Judge R. Steven Whalen
and Denise R. Allsberry, in their
individual capacities,

              Defendants.

_____/

**OPINION AND ORDER DENYING MOTION FOR
RECONSIDERATION [42]**

Before the Court is plaintiff Michael A. Faraone's motion for reconsideration of the order granting defendants' motion for summary judgment. (Dkt. 42.)

For the reasons set forth below, plaintiff's motion is denied.

**I.    Background**

Plaintiff is an attorney who previously served as an independent contractor for the Parole Violation Unit of the Michigan Department of Corrections ("MDOC"). In this position, he represented parolees

charged with parole violations during hearings before administrative law examiners ("ALEs"). He received compensation of $45 per hour for up to six hours of work for each case. (Dkt. 20 at 4.)

Plaintiff appeared at hearings at which Parole Violation Specialist Cynthia VanLake was also present. Plaintiff believed Ms. VanLake was inefficient and wasting public time and money by, among other things, repeatedly adjourning cases. As plaintiff said during his deposition, "[T]he real problem we had – I'm almost willing to say the only problem I had with her was the unpreparedness." (Dkt. 27-2 at 5 (Pl's. Dep.)). And because plaintiff was compensated for only six hours per case, the adjournments allegedly caused him to lose money. Plaintiff's wife wrote to the head of the Parole Violation Unit about the losses he was incurring, stating that Ms. VanLake's conduct made "things more difficult and, ultimately extremely costly" for plaintiff, eventually causing him to lose clients and "[write] off thousands upon thousands of dollars." (Dkt. 30-8 at 1.)

Plaintiff complained about Ms. VanLake's conduct to defendant Patrick J. Heath, who discussed the matter with the other defendants.

Defendants decided to inform plaintiff that his services would no longer be required.

Plaintiff then filed this complaint against defendants Patrick J. Heath, Julie L. Goldman, Daphne M. Johnson, and Denise R. Allsberry. Plaintiff claimed he was terminated in retaliation for threatening to "inform the public that their resources were being wasted" by Ms. VanLake's conduct. (Dkt. 1 at 5.) Specifically, he alleges that he "engaged in protected activity under the First Amendment by speaking as a citizen on a matter of public concern, i.e. government waste by an MDOC employee," and his termination "violated well-established First Amendment rights by censoring speech." (*Id.* at 6.)

On January 18, 2017, the Court held a hearing on defendants' motion for summary judgment, and granted the motion. (*See* Dkt. 40.) Plaintiff then filed this motion for reconsideration, arguing that he had brought a claim for First Amendment retaliation with respect to the petition clause, not just the speech clause, and the Court erred in failing to consider it. (Dkt. 42 at 3.)

3

## II. Legal Standard

A motion for reconsideration should be granted "if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof." *In re Greektown Holdings, LLC*, 728 F.3d 567, 573–74 (6th Cir. 2013). "A palpable defect is one that is 'obvious, clear, unmistakable, manifest, or plain.'" *Majchrzak v. Cty. of Wayne*, 838 F. Supp. 2d 586, 596 (E.D. Mich. 2011).

## III. Analysis

Plaintiff claims the decision to grant defendants' motion for summary judgment was erroneous because the Court concluded plaintiff did not bring a First Amendment retaliation claim for exercising his right to petition the government. Plaintiff argues the Court should have found plaintiff pleaded the petition clause component of the retaliation claim based on the analysis in *Enterprises Leonard Inc. v. Montrose*, Case No. 15-cv-12480, 2016 WL 5073680 (E.D. Mich. Sept. 20, 2016).

Plaintiff has not identified a palpable defect that misled the Court to an erroneous conclusion. Plaintiff raised the *Montrose* case during

the January 18, 2017 hearing, and the Court articulated on the record that the circumstances of that case were not analogous to plaintiff's complaint. In *Montrose*, plaintiff had previously filed complaints against the township and pleaded that the township retaliated against her for these complaints. The *Montrose* court concluded that even though plaintiff did not expressly bring suit under the petition clause, because of the allegations made in the complaint, plaintiff had sufficiently pleaded such a claim. *Montrose*, 2016 WL 5073680, at *2–3. In this case, plaintiff has not previously filed a lawsuit against defendants and did not articulate in the complaint that he believed he was terminated for more than threatening to expose public waste, which is an exercise of his right to free speech.

Although plaintiff may have discussed his right to petition with defendants outside of court and prior to commencement of this lawsuit, these discussions cannot cure the fact that he has not referenced the petition clause expressly or by implication in the complaint. And defendants must be on notice from the complaint, not prior interactions outside of court, of the charges against them. Nothing in the complaint would place defendants on notice that plaintiff was filing a complaint

5

under the petition clause of the First Amendment. Thus, plaintiff's motion for reconsideration does not identify a palpable defect that misled the Court and raises only arguments the Court considered and previously decided.

Additionally, the Court ruled during the hearing that even if plaintiff had stated a claim with respect to the petition clause, the public concern test applicable to the free speech clause was similarly applicable to the petition clause claim. *See Borough of Duryea, Pa. v. Guarnieri*, 564 U.S. 379, 389 (2011). And because plaintiff could not demonstrate his dispute regarding Ms. VanLake's alleged unpreparedness and requests for adjournments was a matter of public concern,[1] plaintiff could not prevail, as a matter of law, on a claim under the petition clause. Accordingly, plaintiff's motion for reconsideration is denied. *See* LR 7.1(h)(3).

---

[1] As set forth on the record, plaintiff's dispute appears to be a personal problem with another employee, not a matter of public concern. This is evidenced by plaintiff's deposition, during which he said, "[T]he real problem we had – I'm almost willing to say the only problem I had with her was the unpreparedness." (Dkt. 27-2 at 5 (Pl's. Dep.)).

## IV. Conclusion

For the reasons set forth above, plaintiff's motion for reconsideration (Dkt. 42) is DENIED.

IT IS SO ORDERED.

Dated: March 21, 2017  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 21, 2017.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager